UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

CAROLINE GUZMAN
818 Chapel View Road
Green Bay, WI 54311

      Plaintiff,

      v.                            Case No: 15-CV-0215

COUNTY OF BROWN      **JURY TRIAL DEMANDED**
305 East Walnut Street
P.O. Box 23600
Green Bay, WI 54305-3600,

      Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Caroline Guzman, by her counsel, HEINS & MINKO LLC, by Attorneys Janet L. Heins, Mark L. Snell, and Nicholas J. DeStefanis, as and for a claim against the Defendant, alleges and shows to the court as follows:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this case involves a federal question under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12112, *et seq.,* the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794, *et seq.*, and the Family & Medical Leave Act ("FMLA"), as amended, 29 U.S.C. § 2601 *et seq.*

2. The unlawful employment practices giving rise to Plaintiff's claims occurred within the Eastern District of Wisconsin, and venue is therefore proper in this District pursuant to 28 U.S.C § 1391(b), *inter alia.*

3. The Plaintiff, Caroline Guzman, is an adult female resident of the State of Wisconsin

residing at 818 Chapel View Road, Green Bay, Wisconsin 54311.

4. The Defendant, Brown County, is a municipal corporation with a principal location of 305 East Walnut Street, P.O. Box 23600, Green Bay, WI 54305-3600. Defendant, at all times material herein, was a recipient of federal funding for programs it conducted.

5. Defendant hired Plaintiff as a Telecommunication Center Operator with the Public Safety Communications Department in May 2002.

6. Defendant is a covered employer for purposes of the FMLA.

7. At all times material herein, Plaintiff worked at least 1250 hours per year for Defendant.

8. During Plaintiff's employment, she was not a "key employee" under the FMLA.

9. At all times material herein, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.

10. Plaintiff did not exceed the maximum amount of FMLA leave for any leave period.

11. At all times material herein, Plaintiff performed her job duties in accordance with the reasonable expectations of her employer.

12. On numerous occasions throughout her employment by Defendant, Plaintiff received awards and commendations for exceptional service in her job.

13. While she was employed by Defendant, Plaintiff developed the disabilities of Sleep Apnea, Post-Traumatic Stress Disorder and related Gambling Addiction.

14. In November 2010, Plaintiff's doctor certified her for FMLA leave for her disabilities.

15. Plaintiff took FMLA leave for her disabilities from December 6, 2010 until March

2011.

16. After Plaintiff returned from FMLA leave, she was excessively scrutinized for attendance and reprimanded for training issues that employees who did not take FMLA leave were not.

17. On or about June 5, 2011, Defendant disciplined Plaintiff for alleged failure to complete required training.

18. On or about June 21, 2011, Defendant disciplined Plaintiff for alleged overuse of benefit time.

19. On or about September 5, 2011, Defendant disciplined Plaintiff for allegedly failing to report to work on time.

20. From October 10-21, 2011, Plaintiff took additional FMLA leave for her disabilities.

21. On or about November 2, 2011, Defendant disciplined Plaintiff for alleged failing to complete required training.

22. On or about November 5, 2011, Plaintiff completed an employee incident report regarding a traumatic incident occurring at work on or about May 15, 2005, resulting in a diagnosis of Post-Traumatic Stress Disorder to Plaintiff.

23. On or about January 20, 2012, Defendant disciplined Plaintiff for allegedly exceeding her vacation benefit accrual.

24. Defendant disciplined Plaintiff for allegedly being late to work on March 24, July 26, and December 2, 2012.

25. Plaintiff felt forced to change from night shift to day shift, in which Plaintiff lost her seniority that she had accrued while working on late shift.

26. On or about June 26, 2012, Defendant disciplined Plaintiff over an alleged vacation issue.

27. Plaintiff received Letters of Commendation regarding her performance for July 2012 and November 2012.

28. In November 2012, Defendant without basis accused Plaintiff of wrongdoing regarding a memorial plaque and ordered her to attend a hearing on or about November 14, 2012 on the allegations.

29. Plaintiff was allegedly late to work on or about February 9, 2013, and so Defendant unnecessarily sent a deputy sheriff to check on her welfare.

30. Plaintiff received a three-day, unpaid suspension in connection with the alleged late start on or about February 9, 2013.

31. On or about March 8, 2013, Plaintiff was allegedly late to work but communicated with the Defendant regarding the reason related to her disability.

32. After work on March 8, 2013, Plaintiff obtained a physician note describing her disability causing the late sleeping and indicating that she was being evaluated medically.

33. On or about March 15, 2013, Defendant terminated the Plaintiff.

34. Defendant disciplined Plaintiff far more severely for her alleged tardiness and absences from work than it disciplined similarly situated employees who were not disabled and/or did not use FMLA leave.

35. Plaintiff filed a union grievance regarding her termination, and Defendant admitted at the grievance hearing that it was aware of her medical disabilities at the time of her termination.

36. On or about April 25, 2013, Defendant assisted a private company by providing a SWAT team's assistance in repossessing certain furniture of Plaintiff's, with absolutely no connection to her prior work for the Defendant or employment reason to do so.

37. This outrageous use of public money to intentionally humiliate and degrade Defendant's former employee without justification is unprecedented at any level of law enforcement within the Defendant.

## FIRST CLAIM FOR RELIEF – FMLA INTERFERENCE

38. Plaintiff incorporates paragraphs 1-37 of this complaint by reference.

39. Defendant intentionally interfered with Plaintiff's exercise of her rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.*

40. As a result of Defendant's intentional violation of the FMLA, Plaintiff has suffered damages in the form of loss of wages and other employment benefits and insurance.

## SECOND CLAIM FOR RELIEF — FMLA RETALIATION

41. Plaintiff incorporates paragraphs 1- 40 of this complaint by reference.

42. Defendant intentionally retaliated against Plaintiff for exercising her rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.,* by terminating her employment.

43. As a result of Defendant's intentional violation of the FMLA, Plaintiff has suffered damages in the form of loss of wages and other employment benefits and insurance.

### THIRD CLAIM FOR RELIEF — ADA VIOLATIONS

44. Plaintiff realleges and incorporates paragraphs 1- 43 of this complaint by reference.

45. Defendant intentionally discriminated against Plaintiff by terminating her employment on the basis of her disability in reckless disregard of her federally protected rights under the Americans with Disabilities Act, as amended, 42 USC § 12112, *et seq.*

### FOURTH CLAIM FOR RELIEF — REHABILITATION ACT VIOLATION

46. Plaintiff realleges and incorporates paragraphs 1-45 of this complaint by reference.

47. Defendant intentionally discriminated against Plaintiff by terminating her employment on the basis of her disability in reckless disregard of her federally protected rights under the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et seq.* as an employee of an entity receiving federal funding for its programs.

48. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of pain and suffering, emotional distress, and loss of wages and other employment benefits.

### FIFTH CLAIM FOR RELIEF — ADA RETALIATION

49. Plaintiff realleges and incorporates paragraphs 1- 48 of this complaint by reference.

50. Defendant intentionally discriminated against Plaintiff by terminating her employment on the basis of her opposition in the workplace to disability discrimination in reckless disregard of her federally protected rights under the Americans with Disabilities Act, as amended, 42 USC § 12112, *et seq.*

51. As a result of Defendant's intentional discrimination, Plaintiff has suffered damages in the form of pain and suffering, emotional distress, and loss of wages and other employment benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing appropriate back pay, front pay and/or reinstatement, compensatory damages, liquidated damages, pre-judgment and post-judgment interest, and reimbursement for other benefits and expenses in an amount to be shown at trial;

2. Grant to Plaintiff her attorney fees, costs and disbursements as provided by 29 U.S.C. § 794a, 42 U.S.C. § 12205, 29 U.S.C. § 794, and all other applicable statutes and provisions; and

3. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY OF TWELVE AS TO ALL TRIABLE ISSUES.**

Dated this 25th day of February, 2015.

HEINS & MINKO LLC
Counsel for the Plaintiff

*s/ Janet L. Heins*  .
Janet L. Heins, State Bar No. 1000677
Mark Lee Snell, State Bar No. 1034946
Nicholas J. DeStefanis, State Bar No. 1064766

HEINS & MINKO LLC
1001 West Glen Oaks Lane, Suite 101
Mequon, Wisconsin 53092
(262) 241-8444 voice
(262) 241-8455 facsimile
e-mail: jheins@heinslawoffice.com